# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TIMOTHY MOHLER,
      Appellant,

    v.

DEPARTMENT OF HOMELAND
    SECURITY,
      Agency.

DOCKET NUMBER
CH-1221-18-0119-B-1

DATE: May 2, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Timothy Mohler, Harrison Township, Michigan, pro se.

Karen R. Hiyama, Detroit, Michigan, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the remand initial decision, which denied his request for corrective action in this individual right of action (IRA) appeal. On petition for review, he disagrees with the administrative judge's finding that the agency proved by clear and convincing evidence that it would have taken the same personnel actions absent his protected disclosure;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

argues that the administrative judge abused her discretion by denying his motion to compel and that the administrative judge who adjudicated the underlying appeal was biased against him; raises new personnel actions; and asserts that he engaged in a protected activity under 5 U.S.C. § 2302(b)(9)(C). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

The administrative judge properly analyzed *Carr* factors 1 and 2.

In determining whether an agency has shown by clear and convincing evidence that it would have taken the same personnel action in the absence of whistleblowing, the Board will consider all the relevant factors, including the following: (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999); *Semenov v. Department of Veterans Affairs*, 2023 MSPB 16, ¶ 35.

The administrative judge found that the agency showed by clear and convincing evidence that the individuals involved in the decision to suspend the appellant's computer access lacked retaliatory motive. *Mohler v. Department of Homeland Security*, MSPB Docket No. CH-1221-18-0119-B-1, Remand File (RF), Remand Initial Decision (RID) at 9-10. The administrative judge reasoned, in part, that the appellant's third-level supervisor, who was unaware of the appellant's disclosure, temporarily suspended his computer access based on the mistaken belief that he improperly sent an email from a Maintenance Mechanic's email account in August 2015. RID at 7-9. The appellant argues on review that his second-level supervisor, who knew of his disclosure, "randomly" identified the appellant to his third-level supervisor as the one who sent the allegedly improper email. *Mohler v. Department of Homeland Security*, MSPB Docket No. CH-1221-18-0119-B-1, Remand Petition for Review (RPFR) File, Tab 2 at 6-7; *Mohler v. Department of Homeland Security*, MSPB Docket No. CH-1221-18-0119-W-1, Initial Appeal File (IAF), Tab 16 at 78, 206. Similarly, he asserts that this error could have been corrected if his supervisors had requested a copy of the email in question. RPFR File, Tab 2 at 7.

To the extent that the appellant argues that his second-level supervisor influenced his third-level supervisor to retaliate against him, we are not persuaded. An appellant can establish a prohibited animus toward a whistleblower based on evidence that an individual with knowledge of the protected disclosure influenced the official who is accused of taking the personnel actions. *Karnes v. Department of Justice*, 2023 MSPB 12, ¶ 19. The administrative judge considered the motive of the appellant's second-level supervisor, but credited his testimony that he did not view the appellant's disclosure as reflecting poorly on him. RID at 9; Hearing Transcript (HT) at 183 (testimony of the appellant's second-level supervisor). In crediting the appellant's second-level supervisor, the administrative judge properly considered that the testimony was undisputed, there was no evidence contradicting his

testimony, and his testimony was consistent with other evidence. RID at 9-10; *see Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987) (identifying these and other factors relevant to an administrative judge's credibility determinations).

The appellant's assertion that his second-level supervisor randomly identified him as the individual who allegedly accessed the Maintenance Mechanic's email account, and his suggestion that his supervisors could have cleared him of any misconduct by requesting to see the email in question, do not evidence any error by the administrative judge in her credibility finding. In any event, we observe that the appellant's second-level supervisor testified that he identified the appellant as the culprit because of the ongoing interpersonal conflicts between him and the Maintenance Mechanic. HT at 167 (testimony of the appellant's second-level supervisor). The appellant does not dispute that such conflicts existed or that they were the basis for his supervisor's logical conclusion that the appellant sent the alleged email. Thus, we find no reason to disturb the administrative judge's finding that *Carr* factor 2 weighed strongly in the agency's favor.

As for the appellant's temporary relocation, the administrative judge found that the evidence strongly supported the agency's explanation that it relocated the appellant after the Maintenance Mechanic alleged that the appellant harassed him. RID at 6. The appellant does not dispute the administrative judge's factual findings that he and the Maintenance Mechanic had a longstanding interpersonal conflict and that the Maintenance Mechanic's job required being physically located in the Detroit Sector Headquarters, while the appellant could perform his duties at another location. RID at 6-7. The appellant's suggestion that the agency relocated him because of his protected disclosure does not undermine the agency's evidence in support of its personnel action. RPFR File, Tab 7 at 7; IAF, Tab 16 at 33.

On review, the appellant notes that his first-level supervisor stated that the appellant's relocation was "related to" his disclosure. RPFR File, Tab 2 at 7. This mischaracterizes his statement. The supervisor indicated that the appellant's relocation was related to the investigation into the mistaken belief that he sent an email from the Maintenance Mechanic's email account. IAF, Tab 16 at 68; HT at 57-59 (testimony of the appellant's first-level supervisor). In any event, the first-level supervisor only became involved in the appellant's relocation after the appellant's second- and third-level supervisors, in conjunction with management officials outside of the appellant's chain of command, made the decision to relocate the appellant in response to the harassment allegation. IAF, Tab 16 at 33, 87; HT at 57 (testimony of the appellant's first-level supervisor), 94 (testimony of the appellant's third-level supervisor), 143 (testimony of the Detroit Sector Manager). Therefore, his opinion regarding the reasons for the relocation has little value.

The Board previously resolved the appellant's discovery-related arguments.

The appellant re-raises arguments on review that the administrative judge in the underlying appeal abused her discretion by denying his motion to compel. RPFR File, Tab 2 at 8-9. The Board previously resolved this issue in its Remand Order. *Mohler v. Department of Homeland Security*, MSPB Docket No. CH-1221-18-0119-W-2, Petition for Review (PFR) File, Tab 15, Remand Order (Remand Order), ¶ 10 n.11 (July 18, 2022). But the appellant renewed the same motion to compel on remand and the administrative judge again denied the motion. RF, Tab 6 at 2. The appellant has failed to provide any new bases to grant the motion, and in fact reiterates verbatim arguments the Board previously rejected. RPFR File, Tab 2 at 8; PFR File, Tab 1 at 39. Therefore, we decline to reconsider the appellant's arguments.

<u>The appellant's remaining arguments do not provide a basis for reversing the initial decision.</u>

The appellant argues for the first time on review that (1) both administrative judges erred by failing to consider two subsequent investigations and the appellant's 2016 permanent relocation, and (2) rumors and speculation forced him to resign from the agency. RPFR File, Tab 2 at 9-10. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016); 5 C.F.R. § 1201.115(d). The appellant has not made such a showing as to the agency's later investigations and his permanent relocation. Further, he has not identified when he resigned, and we are unable to determine if this information was available below. In any event, there is no evidence below or on review that he exhausted his administrative remedies regarding these issues. *See Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10 (finding that the Board's jurisdiction over an IRA appeal is limited to matters an appellant raised with the Office of Special Counsel (citation omitted)). Nor has the appellant provided any explanation for how these alleged errors have any bearing on the issues on remand. Remand Order, ¶ 31. Thus, the arguments provide no basis to grant the appellant's petition for review.

The appellant also argues for the first time on review that the administrative judge presiding over the initial appeal was biased against him because she granted the agency's extension request but denied his extension request and motion to compel. RPFR File, Tab 2 at 10. The appellant has not explained why this argument could not have been raised before the Board in his petition for review in that appeal or before the administrative judge on remand, and thus we need not consider it. In any event, the appellant has failed to overcome the presumption of honesty and integrity that accompanies

administrative adjudicators. *See Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980).

We similarly decline to consider the appellant's arguments, also raised for the first time on review, disagreeing with the Board's findings in its Remand Order. RPFR File, Tab 7 at 5, 11. For example, the appellant reargues that his disclosure was a protected activity under 5 U.S.C. § 2302(b)(9)(C). RPFR File, Tab 2 at 11. The Board concluded in its Remand Order that the appellant did not engage in protected activity under 5 U.S.C. § 2302(b)(9)(C). Remand Order, ¶¶ 1, 14-16. Under the law of the case doctrine, a tribunal will not reconsider issues that have already been decided in an appeal, unless there is new and material evidence adduced at a subsequent trial, controlling authority has made a contrary decision of law, or the prior decision was clearly erroneous and would work a manifest injustice. *O'Connell v. Department of the Navy*, 73 M.S.P.R. 235, 240 (1997). The appellant's new legal theory that his disclosure should be protected because the agency "would have escalated" it to its Office of Inspector General if it were "severe enough in nature, or expos[ed] a larger issue" does not fall within one of these exceptions. RPFR File, Tab 2 at 11. It is not based on new evidence or law, and does not identify any error in the Remand Order.

Therefore, we DENY the petition for review and AFFIRM the initial decision.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3)** <u>**Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**</u>.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    _____

*Gina K. Grippando*

                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.